LUELLA E. DREW *vs.* JOHN M. SHANNON.

Penobscot.   Opinion August 26, 1909.

*Bastardy.   Constancy of Accusation.   Newly-discovered Evidence.*

It is not necessary that newly-discovered evidence should be such as to *require* a different verdict, but there must be a *probability* that the verdict would be different upon a new trial.

In a bastardy complaint proof of the constancy of the plaintiff in her accusation against the defendant, after it is made, is a condition precedent to the maintenance of her suit against him.

The plaintiff in a bastardy complaint, recovered a verdict against the defendant.   After the trial and verdict, the defendant filed a motion for a new trial on the ground of newly-discovered evidence, setting out in the motion that after the trial he had discovered a witness who would testify that after the plaintiff recovered from her confinement she was at the house of the witness to get some baby clothes and told her that another man, John Byers, was the father of her child, and that "I was going to lay it on John Byers, but my father wouldn't let me." *Held:* That this was newly-discovered evidence within the established rule in Maine, and that a new trial should be granted in order that the defendant may have an opportunity to present the same in defense of the plaintiff's suit.

On exceptions and motions by defendant. Motion on ground of newly-discovered evidence sustained.

Bastardy complaint. Tried in the Supreme Judicial Court, Penobscot County. Verdict for plaintiff. Defendant excepted to certain rulings, and also filed a general motion for a new trial, also a motion for a new trial on the ground of newly-discovered evidence. The latter motion was sustained. Exceptions and general motion not considered.

The case is stated in the opinion.

*R. P. Plaisted, and Martin & Cook,* for plaintiff.

*Thompson & Blanchard,* for defendant.

SITTING: WHITEHOUSE, SAVAGE, PEABODY, CORNISH, KING, BIRD, JJ.

KING, J. This is a complaint for bastardy. The verdict was for the plaintiff, and the defendant brings the case here on exceptions to the exclusion of testimony, and two motions for a new trial, one, because the verdict is against the weight of the evidence; the other based on the ground of newly-discovered evidence.

We find it necessary only to consider the latter motion.

The plaintiff's child was born Nov. 1, 1908. Her accusation against the defendant was made on oath before the magistrate Nov. 5, 1908. Proof of the constancy of her accusation against the defendant, after it was made, is a condition precedent to the maintenance of her suit against him. *Palmer* v. *McDonald,* 92 Maine, 125.

She testified that she had never said that this child belonged to anybody else, and there was no evidence at the trial tending to contradict her on this point. But the defendant sets out in this motion, which is sufficient in form and allegation, that since the trial he has discovered a witness, Mrs. Lillian Gould, who will testify that after the plaintiff had recovered from her confinement she was at the house of the witness to get some baby clothes and told her that another man, John Byers, was the father of her child, and that "I was going to lay it on to John Byers, but my father would'nt let me."

We think this testimony is newly-discovered within the established rule in this State. It could not be expected that the defendant or his counsel would discover by reasonable diligence a witness to whom the plaintiff had made such a personal and confidential statement.

Ought the court, then, in the exercise of its discretion, to grant a new trial in this case that the defendant may have an opportunity to present this newly-discovered evidence?

"The true doctrine is, that before the court will grant a new trial upon this ground, the newly-discovered testimony must be of such character, weight and value, considered in connection with the evidence already in the case, that it seems to the court probable that on a new trial, with the additional evidence, the result would be changed; or it must be made to appear to the court that injustice is likely to be done if the new trial is refused. It is not sufficient that there may be a possibility or chance of a different result, or that a jury might be induced to give a different verdict; there must be a probability that the verdict would be different upon a new trial. But it is not necessary that the additional testimony should be such as to *require* a different verdict." *Parsons* v. *Railway*, 96 Maine, page 507.

An examination of the testimony of Mrs. Gould which accompanies the motion discloses no inherent improbability in her statement. If it be a fact that the plaintiff intended to accuse John Byers as the father of her child, but made the accusation against the defendant because required so to do by her father, it is not unreasonable that she should disclose the truth to her friend Mrs. Gould, who was at that time giving her clothes for this illegitimate child. The testimony if believed by a jury will necessarily defeat this action. To deprive the defendant of the right to present it may do, and it appears to the court is likely to do, injustice to him. In the exercise of its discretion, and applying the doctrine as above stated, it is the opinion of the court that a new trial should be granted in order that the defendant may have an opportunity to present this newly-discovered evidence in defense of the plaintiff's suit.

*New trial granted.*